United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                Case No. 23-20623

v.

                                Hon. Jonathan J.C. Grey

Matthew Rodriguez,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Matthew Rodriguez , have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with Deprivation of Rights Under Color of Law under 18 U.S.C. § 242.

## 2.    Statutory Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 10 years |
|---|---|---|
| | Fine: | $250,000 |
| | Term of supervised release: | Up to three years |

## 3.    Agreement to Dismiss Remaining Charges

Upon the Court's acceptance of this, the government (the United States Attorney's Office for the Eastern District of Michigan and the Criminal Section of the Civil Rights Division) will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the government will move to dismiss Count 2 of the indictment, which charges the defendant with Falsification of Records under 18 U.S.C. § 1519.

## 4.    Elements of Count of Conviction

The elements of Count 1 are:

First:       The defendant acted under color of law;

Second:   The defendant deprived the victim of a right secured or protected by the Constitution or laws of the United States, specifically the right to be free from unreasonable seizures,

which includes the right to be free from the unreasonable

use of force by a law enforcement officer under the Fourth

Amendment;

Third:     The defendant acted willfully; and

Fourth:    The defendant's actions resulted in bodily injury

## 5.   Factual Basis

The parties agree that the following facts are true, accurately

describe the defendant's role in the offense, and provide a sufficient

factual basis for the defendant's guilty plea:

On June 13, 2023, Matthew Rodriguez, a City of Warren police

officer assigned to the department's jail, was assigned to fingerprint and

photograph J.S., an arrestee who had been brought to the jail to be

processed and booked.

While processing J.S. in the fingerprint room of the jail, Rodriguez

intentionally used objectively unreasonable force against J.S. by

striking him multiple times and slamming his head against the

floor.  When Rodriguez began to strike J.S., J.S. was not physically

resisting arrest or attempting to escape, and posed no immediate threat

to Rodriguez or anyone else.  Rodriguez knew that his use of force against J.S. was unreasonable and that his conduct violated the Warren Police Department's use of force policy.  As a result of Rodriguez's conduct, J.S. suffered bodily injury.

In his use of force report following the incident, Rodriguez purposely omitted material information and made false statements about the incident.

**6.  Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the

government to prove the defendant guilty beyond a reasonable

doubt at trial;

E.    The right to confront and cross-examine adverse witnesses

at trial;

F.    The right to testify or not to testify at trial, whichever the

defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to

have the jury informed that it may not treat that choice as

evidence of guilt;

H.    The right to present evidence or not to present evidence at

trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry

additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his conviction

here may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

**8.   Defendant's Guideline Range**

**A.   Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

**B.   Acceptance of Responsibility**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the

defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government agrees to move for an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). However, if the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for this reason for obstruction of justice under USSG § 3C1.1.

## C.    Other Guideline Recommendations

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree to jointly recommend that the following guideline

provisions be applied to the defendant's guideline calculation on Count
1:

- USSG § 2H1.1(a)(3)-Base Offense Level of 10
- USSG § 2H1.1(b)(1)- Offense Committed Under Color of Law
  (add six levels)
- USSG § 3C1.1-Obstructing or Impeding the Administration
  of Justice (add two levels)

The parties have no other joint recommendations as to the
defendant's guideline calculation.


### D.   Parties' Obligations

Both the defendant and the government agree not to take any
position or make any statement that is inconsistent with any of the
guideline recommendations or factual stipulations in paragraphs 8.B,
8.C, or 8.D. Neither party is otherwise restricted in what it may argue
or present to the Court as to the defendant's guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw
from this agreement or withdraw his guilty plea if he disagrees, in any

way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the top of the defendant's guideline range as determined by the Court.

#### 2.    No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

C.    Supervised Release

### 1.    Recommendation

The parties have no agreement as to supervised release.

### 2.    No Right to Withdraw

The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D.    Fines**

The parties have no agreement as to a fine.

**G.    Special Assessment**

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

**10.    Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

**11.    Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by

collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.    Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13.    Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and his agreement to the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the Criminal Section of the Civil Rights Division of the U.S. Department of Justice.

**15.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made

by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If, however, the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.   Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 3:00 PM on April 8, 2024. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

John K. Neal
Chief, Public Corruption and
Civil Rights Unit
Assistant United States
Attorney

Robert A. Moran
Assistant United States
Attorney

Alec Ward
Trial Attorney
U.S. Department of Justice
Civil Rights Division

Dated: 4/8/2024

By signing below, the defendant and his attorney agree that the
defendant has read or been read this entire document, has discussed it
with his attorney, and has had a full and complete opportunity to confer
with his attorney. The defendant further agrees that he understands
this entire document, agrees to its terms, has had all of his questions
answered by his attorney, and is satisfied with his attorney's advice and
representation.

Page **15** of **16**

Steven Fishman &
Elias Muawad
Attorney for Defendant

Matthew Rodriguez
Defendant

Dated: 4/8/24