UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 23-20623

-v-        HON. JONATHAN GREY

MATTHEW RODRIGUEZ,

        Defendant.
_____/

## SENTENCING MEMORANDUM FOR DEFENDANT RODRIGUEZ

### STATEMENT OF THE CASE

On April 8, 2024, Matthew Rodriguez, a former Warren police officer, pled guilty to deprivation of rights under color of law (18 U.S.C. § 242). His plea was taken pursuant to a Rule 11 agreement. In the plea agreement, the parties agreed to a guideline range of 18-24 months based on a total offense level of 15 and a criminal history category of I.

The Probation Department disagreed with the parties with respect to the application of the 2-point enhancement for obstructing or impeding the administration of justice. The Probation Department, therefore, calculated Mr. Rodriguez's guideline range at 12-18 months based on a total offense level of 13

and a criminal history category of I.

Because of Mr. Rodriguez's 30+ years of service as a police officer, the totality of the circumstances surrounding the offense, and the history and characteristics of Mr. Rodriguez, defense counsel suggests that a non-custody sentence is appropriate in this case.

## DISCUSSION

18 U.S.C. §3553(a) sets forth the following considerations for the Court to consider in imposing sentence:

- the nature and circumstances of the offense;

- the history and characteristics of the defendant;

- the seriousness of the offense;

- the need to afford adequate deterrence;

- the need to protect the public from the defendant; and

- the need to avoid creating unwarranted sentence disparities.

Upon consideration of these factors, the Court should then impose a sentence that is "sufficient, but not greater than necessary," to satisfy the purposes of the sentencing statute.

### I. The nature and circumstances of the offense (§3553(a)(1))

In the early hours of June 13, 2023, the complainant (J.S.) pointed a pistol at

a citizen in Warren, MI and stole items from his truck. When located by police officers, J.S. refused their commands to stop, led them on a foot chase, and resisted being handcuffed and placed in the patrol car. The same thing had occurred less than a month earlier (May 20, 2023) when J.S. was arrested by Detroit Police officers who observed him in possession of a firearm. [1]

When J.S. was taken to the Warren Police Department, he encountered then-Officer Rodriguez who took him to a room to be fingerprinted and photographed. While in the room, J.S. threatened Rodriguez, telling him that he was a boxer who would "strip him naked" and "blow his s--t out now." In response, Rodriguez lost his temper, punched J.S. a number of times, and otherwise roughed him up. [2]

One week later, Mr. Rodriguez was charged in 37th District Court in Warren with wilful neglect of duty and assault and battery. For reasons unknown to defense counsel, that case was dismissed and federal charges were brought instead.

Deprivation of rights under color of law is a serious offense. Police officers often have to restrain themselves in similar situations to this case and Mr.

---

[1] Pre-sentence report, § 9

[2] Within two weeks, J.S. filed a lawsuit against the city of Warren, Mr. Rodriguez, and two other officers assigned to the booking area asking for $50,000,000 in damages (pre-sentence report, § 19), despite the fact that based on information obtained from the lawyers involved in the case, he suffered no serious injuries.

Rodriguez failed to do so in this instance.  He has accepted responsibility for his conduct by pleading guilty, lost his job as a police officer, and now awaits sentencing by this Court.

## II.  The history and characteristics of the defendant (§3553(a)(1))

Mr. Rodriguez had a very good childhood and graduated from St. Francis Cabrini High School in Allen Park.  His parents were employed as Detroit Police officers during his entire childhood.  He has four adult children from different relationships and paid child support for each of them.  He now lives with his girlfriend who expressed her support and concern for him to the Probation Department.[3]

Mr. Rodriguez joined the Detroit Police Department in 1994 and worked there for eight years.  He returned to police work at the Detroit Public Schools and worked there from April, 2023 through September, 2008.  He then joined the Warren Police Department and worked there until he was terminated in June, 2023 as a result of this offense. [4]

After being terminated, Mr. Rodriguez earned his commercial driver's license and is now self-employed, working as a trucker in Southgate, MI.  Because

---

[3] Pre-sentence report, §§ 46-50

[4] Pre-sentence report, §§ 62-67

the Court, with the government's consent, was kind enough to amend his bond conditions to allow travel across the country, Mr. Rodriguez has been on the road consistently nationwide, particularly in Arizona and Texas.[5]

Mr. Rodriguez has had financial problems throughout his life, causing him to file for bankruptcy on three occasions.[6] Hopefully, with his children now grown, and operating his new business, he will be able to put his financial woes behind him.

Defense counsel contends that Mr. Rodriguez's history and characteristics support the imposition of a non-custody sentence in this case.

### III. Other 3553(a) factors

### 1. Deterrence and protection of the public - (a)(2)(B) and ( C)

As indicated by the Probation Department, the video of this assault has been viewed over 2.8 million times. Defense counsel agrees with the Probation Department that "it is likely that the enormity of the offense has not been lost on [Mr. Rodriguez]."[7] Defense counsel also agrees that bringing this case in federal court may deter other police officers from engaging in similar conduct.

---

[5] Pre-sentence report, §§ 60-61

[6] Pre-sentence report, § 70

[7] Pre-sentence report, § 94

## 2. Providing needed mental health care - (a)(2)(D)

Defense counsel again agrees with the Probation Department that Mr. Rodriguez "may benefit from mental health treatment in the form of counseling or anger management courses." [8] Despite being provoked by J.S.'s language and behavior, there was no excuse for Mr. Rodriguez's physical response. Mr. Rodriguez would definitely benefit from a psychological evaluation and treatment program as recommended by the Probation Department.

## 3. The need to avoid unwarranted sentencing disparities - (a)(6)

One of the most interesting things to appear in pre-sentence reports lately is information from the Judiciary Sentencing Information (JSIN) database, which gives the Court an indication of sentences imposed nationwide for similar conduct. While the JSIN is not binding on the Court, it is helpful in determining whether a sentence requested by the defense constitutes an unwarranted sentencing disparity.

In this instance, the JSIN indicates that of twenty-five defendants whose primary guideline was the same as Mr. Rodriguez's only thirteen received a sentence of imprisonment. For those thirteen, the average length of imprisonment was ten months and the median length was six months. When considering all twenty-five defendants, the average sentence imposed was six months and the

---

[8] Pre-sentence report, § 97

median sentence was zero months. [9]

Given the JSIN statistics, it is clear that the non-custody sentence requested by defense counsel would not result in an unwarranted sentencing disparity.

**IV.  Summary**

We ask a number of things from our police officers, including the ability to refrain from losing their tempers when confronted with difficult circumstances. As evidence by his guilty plea, Mr. Rodriguez acknowledges that on June 13, 2023, he failed to do that when he was insulted and challenged by J.S.  That failure has cost him his job and resulted in a criminal conviction in federal court.

The question for the Court is whether Mr. Rodriguez's conduct should be punished by a term in custody.  In making that determination, the Court has the right to consider whether society will be better off if a custody sentence is imposed.  Defense counsel contends that it will not for a number of reasons.

First, with respect to the issue of general deterrence, being convicted of a federal felony and losing one's job is more than enough to deter other officers from this type of conduct.  Second, as indicated by the Probation Department, Mr. Rodriguez has already been punished significantly by being charged and convicted in federal court.  Third, Mr. Rodriguez's ability to quickly transition to being a

---

[9] Pre-sentence report, § 102

licensed truck driver demonstrates that will be able to contribute to society by maintaining employment and paying his taxes.

For all of the above reasons, defense counsel contends that a non-custody sentence will be consistent with both the JSIN median statistics and the interests of justice.

## **CONCLUSION**

Wherefore, for the reasons stated above, Defendant Rodriguez requests that this Court impose a non-custody sentence in this case.

Respectfully submitted,

s/ Steven Fishman
Steven Fishman (P23049)
Elias Muawad (P41632)
615 Griswold, Suite 1120
Detroit, MI 48226
(313) 920-2001
Email: sfish6666@gmail.com

Dated: August 21, 2024

## **CERTIFICATE OF SERVICE**

This is to certify that on August 21, 2024, I served a copy of the attached sentencing memorandum upon Robert Moran, AUSA, by filing same electronically.

s/ Steven Fishman
Steven Fishman
